IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LUIS LORA-MONCADA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File |
| v. ) | No. |
| ) | |
| AMERICAN POOL SERVICE ) | |
| OF GEORGIA, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Luis Lora-Moncada ("Lora-Moncada" or "Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendant American Pool Service of Georgia, LLC ("Defendant" or "American Pool"), and shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant American Pool Service of Georgia, LLC is a limited liability company and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff claims occurred in this district.

## III. Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendant from April 2008 to August 2014.

7.

Throughout the above referenced period, Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 *et seq.*, 29 U.S.C. § 203(e).

8.

Throughout his employment with Defendant (the relevant period for the named Plaintiff's claims) Plaintiff was employed by Defendant as a pool service technician.

9.

Throughout his employment with Defendant as a pool service technician, Plaintiff was paid on a flat-rate basis and was not provided overtime compensation for hours all hours worked in excess of (40) in certain workweeks.

10.

Throughout his employment with Defendant, Plaintiff regularly worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for many hours worked over (40) in such weeks.

11.

Throughout his employment with Defendant, Defendant failed to properly pay Plaintiff pursuant to the overtime requirements of the FLSA.

12.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

13.

During the last three years, Defendant suffered or permitted Plaintiff to work in excess of (40) hours in given workweeks without receiving overtime compensation for each workweek at issue.

14.

During the last three years, Defendant knew or had reason to know that Plaintiff worked in excess of (40) hours in given workweeks without receiving overtime compensation.

15.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

16.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

17.

During the last three years, while employed by Defendant, Plaintiff's primary duty was the performance of non-exempt work, specifically, inspecting pools.

## Count I

### Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

18.

Defendant has violated the FLSA, 29 U.S.C. § 201, *et seq.* including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of (40) hours in certain workweeks.

19.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

20.

Defendant suffered and permitted Plaintiff to routinely work more than (40) hours per week without overtime compensation.

21.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

22.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff and the Collective Class overtime compensation in violation of the FLSA.

23.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records sufficient to determine Plaintiffs wages, hours and other conditions and practices of employment, in violation of the FLSA.

24.

Defendant's violations of the FLSA were willful and in bad faith, thus entitling Plaintiff to a three year statute of limitations for their claims.

25.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 207 and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)  Award Plaintiff such further and additional relief as may be just and appropriate.

This 31st day of October, 2015.

*{SIGNATURE ON FOLLOWING PAGE}*

**THE CLAXTON LAW GROUP, LLC**

*/s/ Muna H. Claxton*
Muna H. Claxton
Georgia Bar No. 508508
315 West Ponce de Leon Avenue
Suite 454
Decatur, GA 30030
Phone: (404) 669-6119
Fax:     (404) 475-3089

*Attorney for Plaintiff*